### KWONG YUEN SHING v. UNITED STATES.

(Circuit Court, S. D. New York. November 13, 1909.)

#### No. 5,471.

**1. Customs Duties (§ 38\*)—Classification—"Yams."**

In Tariff Act July 24, 1897, c. 11, § 2, Free List, par. 704, 30 Stat. 203 (U. S. Comp. St. 1901, p. 1690), the provision for "yams" includes a vegetable (pueraria roots) which, though not scientifically known as a yam, has always been so called in the trade that deals in it, and was the only vegetable so known that was imported prior to the passage of the act.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 38.\*

Interpretation of commercial and trade terms in tariff laws, see note to Dennison Mfg. Co. v. United States, 18 C. C. A. 545.]

**2. Customs Duties (§ 12\*)—Construction—Enumeration Implies Existence.**

Where an enumeration has been continued from one tariff act to another, it must be assumed that the legislative body had in contemplation some particle of commerce intended to be covered by that enumeration.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 12.\*]

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

On Application for Review of a Decision by the Board of United States General Appraisers.

The decision below reads as follows:

WAITE, General Appraiser. The commodity here in question was invoiced as yams. They were imported from China and were assessed as vegetables in their natural state at 25 per cent. ad valorem under Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 257, 30 Stat. 151 (U. S. Comp. St. 1901, p. 1650), while the importers claim them to be free of duty under paragraph 704 providing for "yams."

The sample presented to the Board appears on inspection to be a rhizome of a tuberous root. The testimony on the part of the importer is that it is used as food among the Chinese, and its use in this country is confined to that race of people. It is usually bought and sold by means of a Chinese character which, we are informed, stands for a root from which starch is made or which contains starch. It is also described as a yam, which seems to be the interpretation that the Chinese, in some instances, put upon that character. We do not think enough has been shown to warrant us in holding that it is commercially termed "yam" in this country. It remains, then, to be seen whether it is a yam. We think it is established beyond question that the true yam is of the genus "Dioscorea," while the commodity in question is properly classified under "Pueraria," which is not a yam at all. We conclude that this root is neither yam by commercial designation nor yam under the ordinary meaning of that term; hence was not provided for in the statute.

The protests are therefore overruled.

Kammerlohr & Duffy (Joseph G. Kammerlohr, of counsel), for the importer.

D. Frank Lloyd, Deputy Asst. Atty. Gen. (Thomas M. Lane, Asst. Counsel, of counsel), for the United States.

PLATT, District Judge. The merchandise in question was invoiced as yams. It was imported from China. It was assessed for duty at 25 per cent. ad valorem under paragraph 257, tariff act of 1897, as "vegetables in their natural state." The importers claim free entry under paragraph 704 providing for "yams."

For a great many years and under several tariff acts "yams" have been found upon the free list without words of qualification. In the act of 1897 paragraph 704 expresses the will of Congress. We are therefore bound to assume that for a long time our Legislature has carried in its mind some particular article which it was thought best to admit to our commerce without duty. It is in evidence in this case that the merchandise in dispute has been imported from China for more than 15 years, and when given an English name has always been called a "yam" in the trade which deals in it. It is also in evidence that no other vegetable called a "yam" had been imported from any foreign country prior to 1897. This merchandise being the only foreign article presented at our ports, and being exclusively dealt in by Chinese dealers among their own people, all testimony about our domestic yams is immaterial. When we depart from trade and go to science, it happens curiously enough that the domestic yam is not, scientifically, a yam at all. I am unable to rid myself of the strongly rooted impression that Congress in a kindly moment, now obscured by time, offered our Chinese neighbors the hospitality of the ports for this very merchandise, which admittedly is connected with the yam

bean, and is in common parlance by a natural transference quite as properly called a "yam" as the domestic variety.

The decision of the Board of General Appraisers is reversed.